Case 8:22-mj-02219-AAQ   Document 3   Filed 09/01/22   Page 1

PDK/TFH
✓ FILED ___ ENTERED
___ LOGGED ___ RECEIVED
11:07 am, Sep 01 2022
AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____JJ_____ Deputy

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br><br>GRAY APPLE IPHONE 12 PRO CELL PHONE CURRENTLY AT THE OFFICE OF HOMELAND SECURITY INVESTIGATIONS, 40 S. GAY STREET, BALTIMORE, MARYLAND 21202 | Case No. 22-mj-2219-AAQ |

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT**

I, Mark M. Salcedo, a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), being duly sworn, depose and state as follows:

**INTRODUCTION**

1. I have been employed as a Special Agent of HSI, an entity within the U.S. Department of Homeland Security, since September 2019. Prior to becoming an HSI Special Agent, I was employed as a police officer with the Virginia Beach Police Department from 2010 to 2015, a Customs and Border Protection Officer from 2015 to 2018, and a Deportation Officer with ICE from 2018 to 2019. As part of my daily responsibilities as an HSI Special Agent, I investigate criminal violations relating to, among other offenses, child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251 and 2252A. I have gained experience through training in seminars, classes, and daily work related to conducting these types of investigations. Specifically, I have received formal training through HSI and other agencies in the area of child pornography, pedophile behavior, collectors of other obscene material, and internet crime. I have participated in the execution of numerous search warrants, including child

1

exploitation and/or child pornography offenses. Many of the child exploitation and/or child pornography search warrants resulted in the seizure of cell phones, computers, magnetic storage media for computers, other electronic media, and other items evidencing violations of federal laws, including various sections of 18 U.S.C. § 2252A involving child exploitation offenses. In the course of my employment with HSI, I have observed and reviewed numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media and within online accounts, as well as on computers and cell phones.

2. As a federal agent, I am authorized to investigate violations of laws of the United States and am a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

## PURPOSE OF THIS AFFIDAVIT

3. This affidavit is submitted in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant to search the following: a **GRAY APPLE IPHONE 12 PRO CELL PHONE** (hereinafter "**TARGET DEVICE**"), as further described in Attachment A, for evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252a(a)(5)(B) (hereinafter "TARGET OFFENSE"), as further described in Attachment B.

4. The **TARGET DEVICE** is located at the office of Homeland Security Investigations, 40 S. Gay Street, Baltimore, Maryland, 21202, and was removed from Marcus Jerome HUNT's person incident to his arrest on July 22, 2022. The arrest occurred pursuant an arrest warrant issued by the United States District Court for the District of Maryland in criminal case number GJH-22-254.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that the **TARGET DEVICE** contains evidence of violations of the TARGET OFFENSE.

6. The statements in this affidavit are based in part on information provided by other law enforcement officers and on my investigation of this matter. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that contraband and evidence, fruits, and instrumentalities of violations of the aforementioned federal statute are located within the **TARGET DEVICE**.

### BACKGROUND ON CHILD PORNOGRAPHY, CELL PHONES, COMPUTERS, AND THE INTERNET

7. Based on my training, experience in child exploitation investigations, and information learned from other law enforcement officers, the following can be true of those who violate child pornography laws:

   a. Digital technology, such as smartphones and computers, are the primary way in which individuals interested in child pornography interact with each other. These devices can serve four functions in connection with child pornography: production, communication, distribution, and storage.

   b. Smartphones with cameras can save photographs or videos as a digital file that can be directly transferred to a computer by connecting the camera or smartphone to the computer, using a cable or via wireless connections such as "WiFi" or "Bluetooth." Photos and videos taken on a smartphone may be stored on a removable memory card in the smartphone. These memory cards are often large enough to store thousands of high-resolution photographs or videos.

      c.      Mobile devices such as smartphones and tablet computers may connect to other computers via wireless connections. Computers, in turn, can connect to another computer through the use of a device known as a modem and the use of a telephone, cable, or wireless connection. Electronic contact can be made to millions of computers around the world. Child pornography can therefore be easily, inexpensively, and anonymously (through electronic communications) received, distributed, or produced by anyone with access to a smartphone.

      d.      A smartphone's ability to store images in digital form makes it an ideal repository for child pornography. It is extremely easy for an individual to obtain or take a photo or a video with a camera-bearing smartphone, or to use electronic storage media to obtain, possess, transfer, or store images or videos. These electronic storage media – to include computer hard drives, external hard drives, CDs, DVDs, and "thumb," "jump," or "flash" drives, which are very small devices that are plugged into a port on the computer – can store thousands of images or videos at very high resolution. An individual can copy any file from a computer to any one of those media storage devices. Smartphones are also often carried on an individual's person.

      e.      The Internet affords individuals several different venues for obtaining, viewing, and trading child pornography in a relatively secure and anonymous fashion.

      f.      Individuals also use online resources to store and retrieve child pornography. Some online services allow a user to set up an account with a remote computing service that may provide e-mail services and/or electronic storage of computer files in any variety of formats. A user can set up an online storage account (sometimes

referred to as "cloud" storage) from any smartphone with access to the Internet. Even in cases where online storage is used, however, evidence of child pornography can be found on the user's smartphone.

      g.      As is the case with most digital technology, communications by way of smartphone can be saved or stored on the smartphone used for these purposes. Storing this information can be intentional (*e.g.*, by saving the location of one's favorite websites in, for example, "bookmarked" files) or unintentional. Digital information, such as the traces of the path of an electronic communication, may also be automatically stored in many places (*e.g.*, temporary files or ISP client software, among others). In addition to electronic communications, a device user's Internet activities generally leave traces or "footprints" in the web cache and history files of the browser used. Such information is often maintained indefinitely until overwritten by other data.

### **CHARACTERISTICS COMMON TO INDIVIDUALS WHO POSSESS, RECEIVE, AND DISTRIBUTE CHILD PORNOGRAPHY**

      8.      Based on my experience in and related to child exploitation investigations, and the training and experience of other law enforcement officers with whom I have had discussions, I know there are certain characteristics common to individuals who possess, receive, and/or distribute child pornography:

      a.      Such individuals may receive sexual gratification, stimulation, and satisfaction from contact with children, or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media, or from literature describing such activity.

      b.      Such individuals may collect sexually explicit or suggestive materials in a

variety of media, including photographs, videos, motion pictures, slides and/or drawings or other visual media. Individuals who have a sexual interest in children or images of children oftentimes use these materials for their own sexual arousal and gratification.

  c. Such individuals almost always possess and maintain their copies of child pornographic material, that is, their pictures, films, video tapes, etc. Individuals who have a sexual interest in children or images of children typically retain these materials for many years.

  d. Likewise, such individuals often maintain their child pornography images in a digital or electronic format in a safe, secure and private environment, such as a digital device, computer, and/or surrounding area. These child pornography images are often maintained for several years and are kept close by, including on their person, or in cloud-based online storage, to enable the individual to view the child pornography images, which are valued highly. Some of these individuals also have been found to download, view, and then delete child pornography on their digital devices on a cyclical and repetitive basis.

  e. Importantly, evidence of such activity, including deleted child pornography, often can be located on these individuals' digital devices through the use of forensic tools. Indeed, the very nature of electronic storage means that evidence of the crime is often still discoverable for extended periods of time even after the individual "deleted" it.

  f. Such individuals also may correspond with and/or meet others to share information and materials, maintain correspondence from other child pornography distributors/possessors, conceal such correspondence as they do their sexually explicit material, and often maintain lists of names, addresses (including e-mail addresses), and telephone numbers of individuals with whom they have been in contact and who share the

same interests in child pornography.

g. Such individuals prefer not to be without their child pornography for any prolonged time period. Thus, an individual uses a portable device (such as a mobile phone) to access the Internet and child pornography. This behavior has been documented by law enforcement officers involved in the investigation of child pornography offenses. It is common for a person previously convicted of a child pornography offense to reoffend, therefore making them a recidivist.

## **DROPBOX, Inc.**

9. Dropbox is a file hosting service that offers "cloud" storage and file synchronization. Dropbox offers free and paid services that allow users to add photos, documents, videos and files to their account. Dropbox automatically saves these files to all of the user's computers, phones and to the Dropbox server, so they may be accessed from anywhere. Dropbox offers a free plan that allows users to have a 2GB of space to store their files. Dropbox also offers paid monthly plans that allow users additional space on the Dropbox servers.

10. According to Dropbox's privacy policy, at https://www.dropbox.com/privacy,[1] "We also collect information from and about the devices you use to access the Services. This includes things like IP addresses, the type of browser and device you use, the web page you visited before coming to our sites, and identifiers associated with your devices. Your devices (depending on their settings) may also transmit location information to the Services. For example, we use device information to detect abuse and identify and troubleshoot bugs."

---

[1] Accessed July 29, 2022.

11. In order to create a Dropbox account, a user is required to register with an email address. Once registered, each user is assigned a unique user ID. Dropbox communicates with users via stored email accounts on file when users access and make changes to their accounts unless the user opts-out of those emails. To sign into the user's Dropbox account, the user enters their email and password. Once a user has a Dropbox account, they can invite other Dropbox users to access their shared folders. A shared folder is one in which more than one user has access to, and can add, download or delete content. If a user joins another user's shared folder, the shared folder size counts towards the first user's space limitation. If a user is invited to join another user's folder, the invitation request is sent to the registered email account.

## **PROBABLE CAUSE**

12. On July 21, 2022, a federal Grand Jury in the District of Maryland returned a true bill Indictment charging HUNT with one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The criminal case number is GJH-22-254.

13. On July 22, 2022, pursuant to an arrest warrant, HUNT was arrested outside of his home located at 5952 Saint Moritz Drive in Temple Hills, Maryland. The **TARGET DEVICE** was seized from HUNT's person incident to his arrest.

14. Some of the facts underlying the Indictment are recounted below.

15. On December 1, 2020, the Maryland State Police Internet Crimes Against Children Task Force received two CyberTipline Reports from the National Center for Missing and Exploited Children ("NCMEC"). Both CyberTipline Reports were submitted by Dropbox, Inc. and reported that potential child pornography had possibly been uploaded by a Dropbox user.

16. Dropbox provided the following information for CyberTipline Report 82585631, in relevant part:

**Incident Information:**
Incident Type: Child Pornography (possession, manufacture, and distribution)
Incident Time: 11-04-2020 19:50:44 UTC
Description of Incident Time: The incident Date Time is set to 24 hours before the report was sent from Dropbox to NCMEC. For example, if we submit a report on "3/14/17 13:30", we will set the the [*sic*] incident Date Time to "3/13/17 13:30

**Suspect:**
Email Address: marcusjhunt1137@gmail.com (Verified 01-13-2018 19:48:15 UTC)
Screen/User Name: Marcus Hunt
ESP User ID: 729604108
IP Address: 71.191.54.252 (Login) 11-01-2020 21:05:13 UTC
IP Address: 103.120.66.100 (Login) 11-05-2020 18:45:57 UTC

17. Dropbox provided the following information for CyberTipline Report 82584322, in relevant part:

**Incident Information:**
Incident Type: Child Pornography (possession, manufacture, and distribution)
Incident Time: 11-04-2020 18:50:30 UTC
Description of Incident Time: The incident Date Time is set to 24 hours before the report was sent from Dropbox to NCMEC. For example, if we submit a report on "3/14/17 13:30", we will set the the [*sic*] incident Date Time to "3/13/17 13:30

**Suspect:**
Email Address: marcusjhunt1137@gmail.com (Verified 01-13-2018 19:48:15 UTC)
Screen/User Name: Marcus Hunt
ESP User ID: 729604108
IP Address: 71.191.54.252 (Login) 11-01-2020 21:05:13 UTC
IP Address: 103.120.66.100 (Login) 11-05-2020 18:45:57 UTC

18. CyberTipline Report 82585631 reported one file of child pornography and CyberTipline Report 82584322 reported two files of child pornography. These files were uploaded to Dropbox by the account associated with the email address marcusjhunt1137@gmail.com. I have reviewed the contents and determined that, based on my training and experience, they depict children engaged in sexually explicit conduct. The files include child pornography as defined in 18 U.S.C. § 2256(8) and some of the files can be described as follows:

**20160712-WA0003.3gp** – This color video is approximately 8 minutes and 25 seconds long.  It depicts an adult male and a prepubescent minor male.  The prepubescent minor male is seen laying on a bed with red sheets.  The adult male lower's the prepubescent minor male's shorts and the adult male performs oral sex on the prepubescent minor male.  The prepubescent minor male stands ups, removes his shirt, shorts, and underwear, but still wears his white tube socks.  The prepubescent minor male lays back down on the bed and the adult male continues to perform oral sex on the prepubescent minor male.

**20151025-WA0001.3gp** – This color video is approximately 1 minute and 53 seconds long.  It depicts an adult male laying on his side directly behind a prepubescent minor male on what appears to be a bed.  The adult male can be seen engaging in anal intercourse with the prepubescent minor male.

19. On or about December 3, 2020, a subpoena was issued to Verizon requesting subscriber information for IP address 71.191.54.252 (on 11-01-2020 at 21:05:13 UTC).  Verizon responded with the following information, in relevant part:

> IP Address: 71.191.54.252
> Start Time: 2020-05-23 19:59:56Z
> Stop Time: Still connected on date of subpoena
> Customer Information:
> Vision Customer Id: 354362265
> Vision Account Id: 0001
> Customer Name: MONICA HUNT
> Account Address: 5952 ST MORITZ DR
> TEMPLE HILLS, MD 207480000
> Daytime Telephone 3015359357
> Email Address: monica_l_hunt@hotmail.com

20. On or about December 4, 2020, a court order was issued to provide subscriber information for the Gmail account marcusjhunt1137@gmail.com.  Google's response indicated that the account had been deleted on November 6, 2020.

21. A Maryland Motor Vehicles Administration search of 5952 Saint Moritz Drive, Temple Hills, Maryland 20748 revealed two people residing at the address: Marcus Jerome HUNT (DOB 02/13/1993) and Monica Lisa Hunt (DOB 02/16/1960).

22. A search of the Maryland Sex Offender Registry for 5952 Saint Moritz Drive, Temple Hills, Maryland 20748 yielded that HUNT is a registered sex offender, stemming from a 2017 conviction of a child pornography charge in the Circuit Court for Prince George's County, Maryland (case number CT170280X).

23. On or about December 4, 2020, a search and seizure warrant was issued for the Dropbox account associated with email address marcusjhunt1137@gmail.com, screen/user name Marcus Hunt, and user ID 729604108. The Dropbox account was found to contain approximately 20 video files depicting child pornography, including the three files from the CyberTipline Reports. Descriptions are provided below for two of the video files found in the Dropbox account that include child pornography as defined in 18 U.S.C. § 2256(8):

> **20160202-WA0017.mp4** – This color video is approximately 2 minutes and 11 seconds long. This video depicts 2 prepubescent minor males completely nude and standing with their pants lowered down to their ankles. Both prepubescent minor males' penises are erect, and they touch them together multiple times. They later take turns attempting to insert their own penis into each other's anus.
>
> **20151025-WA0003.mp4** – This color video is approximately 2 minutes and 23 seconds long. This video depicts minor male performing oral sex on what appears to be an adult male's penis. The minor male then bends forward on his hands and knees while the adult male engages in anal intercourse with the minor male.

The Dropbox account was noted as "Disabled." Law enforcement learned that Dropbox disabled the offending account after making the reports to NCMEC.

24. On January 19, 2021, a search and seizure warrant was issued for 5952 Saint Moritz Drive Temple Hills, Maryland. The warrant was executed on January 21, 2021. Marcus HUNT and Monica Hunt were located in the residence. Nine items belonging to HUNT were seized pursuant to the warrants, including two cell phones (an iPhone and Samsung Galaxy), two tablets, a USB storage device, and a Cyberpower gaming personal computer. HUNT was read his *Miranda* rights and agreed to speak with law enforcement. HUNT provided the passwords to the devices.

A review was conducted on all the devices and yielded no files of child pornography. HUNT denied knowledge of the child pornography, the Dropbox account in question, as well as the email address marcusjhunt1137@gmail.com. However, forensic analysis identified artifacts of the email address marcusjhunt1137@gmail.com on the iPhone previously mentioned in this paragraph and one of the tablets previously mentioned in this paragraph. Further, the Samsung cell phone previously mentioned in this paragraph was factory reset. The USB storage device previously mentioned in this paragraph was fully formatted/wiped and contained no files. The Cyberpower gaming personal computer contained a desktop shortcut to TOR Browser which is known by law enforcement to access illegal content while allowing anonymity.

25. At all times of the conduct described above, HUNT was a registered sex offender and under supervision for the 2017 conviction for a child pornography charge in the Circuit Court for Prince George's County, Maryland (case number CT170280X). As pertaining to that case, law enforcement had investigated a CyberTipline Report from Google to NCMEC regarding images of child pornography uploaded to Google+ Photos. In February 2017, law enforcement executed a search warrant for HUNT's residence at 5952 St. Moritz Drive, Temple Hills, Maryland 20748. After being read his *Miranda* rights, HUNT agreed to speak with law enforcement. HUNT admitted to having child pornography on his cell phone, a Samsung phone. HUNT stated that the child pornography was in his Gallery and Dropbox.

## CONCLUSION

26. Based on the foregoing, I respectfully request that this Court issue a search warrant to search the **TARGET DEVICE** described in Attachment A for evidence, fruits, and instrumentalities of TARGET OFFENSE, as further described in Attachment B.

27. Furthermore, HSI has possession of the **TARGET DEVICE,** and the sought-after warrant does not require the intrusion onto any physical premises. Therefore, I respectfully submit that good cause exists to permit execution of this warrant at any time, day or night.

                                MARK JONATHA M SALCEDO
                                Digitally signed by MARK JONATHA M SALCEDO
                                Date: 2022.08.01 21:15:44 -04'00'

Mark M. Salcedo
Special Agent
Homeland Security Investigations

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) this ___2nd___ day of August 2022.

_____
The Honorable Ajmel A. Quereshi
United States Magistrate Judge

22-mj-2219-AAQ

**ATTACHMENT A**
**ITEM TO BE SEARCHED**

A **GRAY APPLE IPHONE 12 PRO CELL PHONE**, currently being held at the office of Homeland Security Investigations, 40 S. Gay Street, Baltimore, Maryland, 21202, which was seized from the person of Marcus Jerome HUNT pursuant to his arrest on July 22, 2022.



1

22-mj-2219-AAQ

## ATTACHMENT B
## ITEMS TO BE SEIZED

All records contained in the item described in Attachment A which constitute evidence, fruits, or instrumentalities of violations of 18 § 2252A(a)(5)(B), as outlined below:

1. Any and all image and video files that depict children engaged in sexually explicit conduct pursuant to 18 U.S.C. § 2256.

2. Any and all notes, documents, records, correspondence, or data pertaining to child pornography as defined under 18 U.S.C. § 2256(8).

3. Any and all correspondence identifying persons transmitting, receiving or possessing, through interstate commerce including by U.S. Mails or by computer, any visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256.

4. Any and all records, documents, invoices and materials that concern any accounts, screen names, social networking sites, online accounts, or email accounts, including Internet Service Providers.

5. Any and all visual depictions of minors, to include depictions of minors engaged in sexually explicit conduct, nude pictures, and modeling.

6. Any and all documents, records, or correspondence pertaining to occupancy or other connection to 5952 Saint Moritz Drive, Temple Hills, Maryland 20748.

7. Any and all diaries, notebooks, notes, address books, pictures, emails, chats, messages, data, directions, maps, banking, travel, documents, and any other records reflecting personal contact and any other activities with minors.

8. Any and all notes, documents, records, photos, correspondences that relate to travel.

9. Any and all notes, documents, records, photos or correspondence that indicate a sexual interest in children, including, but not limited to:

    a.    Correspondence with children;
    b.    Any and all visual depictions of minors;
    c.    Internet browsing history;
    d.    Books, logs, emails, chats, diaries and other documents.

As used in paragraphs 1-9 above, the terms "records", "documents", "messages", "correspondence", "data", and "materials" includes records, documents, messages, correspondence, data, and materials, created, modified or stored in any form, including electronic or digital form, and by whatever means they may have been created and/or stored.  This includes any handmade, photographic, mechanical, electrical, electronic, and/or magnetic forms.  It also

includes items in the form of computer hardware, software, documentation, passwords, and/or data security devices.

    10.    For the device:

        a.    Evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

        b.    evidence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

        c.    evidence of the lack of such malicious software;

        d.    evidence of the attachment to the device of other storage devices or similar containers for electronic evidence;

        e.    evidence of counter forensic programs (and associated data) that are designed to eliminate data from the device;

        f.    evidence of the times the device was used;

        g.    passwords, encryption keys, and other access devices that may be necessary to access the device;

        h.    documentation and manuals that may be necessary to access the devices or to conduct a forensic examination of the device;

        i.    contextual information necessary to understand the evidence described in this attachment.

With respect to the search of any of the items described above which are stored in the form of magnetic or electronic coding on computer media or on media capable of being read by a computer with the aid of computer-related equipment (including CDs, DVDs, thumb drives, flash drives, hard disk drives, or removable digital storage media, software or memory in any form), the search procedure may include the following techniques (the following is a non-exclusive list, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein, while permitting government examination of all the data necessary to determine whether that data falls within the items to be seized):

    1.    surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for markings it contains and opening a drawer believed to contain pertinent files);

  2. "opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;

  3. "scanning" storage areas to discover and possible recover recently deleted files;

  4. "scanning" storage areas for deliberately hidden files; or

  5. performing key word searches or other search and retrieval searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

  6. If after performing these procedures, the directories, files or storage areas do not reveal evidence of the specified criminal activity, the further search of that particular directory, file or storage area, shall cease.

  With respect to the search of the information provided pursuant to this warrant, law enforcement personnel will make reasonable efforts to use methods and procedures that will locate and expose those categories of files, documents, communications, or other electronically stored information that are identified with particularity in the warrant while minimizing the review of information not within the list of items to be seized as set forth herein, to the extent reasonably practicable. If the government identifies any seized communications that may implicate the attorney-client privilege, law enforcement personnel will discontinue its review and take appropriate steps to segregate all potentially privileged information so as to protect it from substantive review. The investigative team will take no further steps regarding any review of information so segregated absent further order of the court. The investigative team may continue to review any information not segregated as potentially privileged.